UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORAH MCGEE, individually and on behalf of the estate of ROBERT MCGEE, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:14-cv-967 SNLJ |
| FRESENIUS MEDICAL CARE NORTH AMERICA, INC., et al., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' Motion to Sever (#13), defendants' Motion to Stay (#15), and plaintiffs' Motion to Remand (#18). The matters are fully briefed and ripe for disposition.

**I.      Factual Background**

On March 28, 2014, 48 plaintiffs filed a complaint against defendants Fresenius USA, Inc., Fresenius Medical Care Holdings, Inc., Fresenius USA Manufacturing, Inc., Fresenius USA Marketing, Inc., and Fresenius USA Sales, Inc. (collectively "Fresenius"), for claims involving Granuflo®, an acid concentrate product used in dialysis treatments. Plaintiffs allege that they or their decedents suffered injuries and damages that were caused by or contributed to by Granuflo. Plaintiffs allege that their claims arise from the common facts that Granuflo is unreasoanbly dangerous and defective, that Fresenius was on notice and knew of the threat of bicarbonate overdose caused by Glanuflo, and that Fresenius failed to warn or otherwise amerliorate Granuflo's dangerous condition. Plaintiffs claim negligence, breaches of warranties, strict

liability, negligent misrepresentation, fraud, wrongful death, and loss of consortium by surviving spouses.

Among the plaintiffs are three Missouri citizens. The other 45 defendants are citizens of 17 other states. Defendants point out that this lawsuit is one of more than 1,600 cases related to Granuflo that are pending in federal court. The Judicial Panel on Multidistrict Litigation ("JPML") ordered that those case be coordinated as a Multidistrict Litigation, *In re Fresenius Granuflo/Naturalyte Dialysate Products Liability Litigation*, (MDL No. 2428) (the "MDL") on March 29, 2013. Defendants suggest that the plaintiffs brought this lawsuit in the St. Louis City court in order to avoid the MDL. Defendants removed this matter to federal court on May 23, 2014, citing diversity jurisdiction, and they have asked this Court to stay further proceedings pending transfer to the MDL (#15). Defendants have also filed a motion to sever. (#13.)

Plaintiffs have filed a motion to remand (#18), arguing that the Court lacks subject matter jurisdiction because incomplete diversity exists. Indeed, defendants' citizenship includes that of Massachusetts and New York. Four plaintiffs are citizens of New York, and two plaintiffs are citizens of Massachusetts.

## II. Legal Standard

28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions when a matter in controversy...is between (1) citizens of different states." The party seeking the federal forum, in this case Defendant, has the burden of pleading diversity of citizenship of the parties, *Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997), and the burden of establishing diversity jurisdiction by a preponderance of the evidence. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992); *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990); *Russell v. New Amsterdam Cas. Co.*, 325 F.2d 996, 997 (8th Cir. 1964). The Court is

mindful that removal statutes must be strictly construed because they impede upon states' rights to resolve controversies in their own courts. *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir.2002). The Court must resolve "all doubts about federal jurisdiction in favor of remand." *Transit Cas. Co v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997). The court in *Iowa Pub. Serv. Co. v. Med. Bow Coal, Co.*, held in regard to diversity where there are multiple plaintiffs and/or defendants:

> [I]n a case where there are plural plaintiffs and plural defendants a federal court does not have diversity jurisdiction unless there is diversity between all plaintiffs and all defendants. ... [I]f the "nondiverse" plaintiff is not a real party in interest, and is purely a formal or nominal party, his or its presence in the case may be ignored in determining jurisdiction.

556 F.2d 400, 403-404 (8th Cir. 1977) (internal citations omitted).

In addition, if a non-diverse party has been fraudulently joined, the case may be removed to federal court. *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983); *BP Chemicals Ltd. v. Jiangsu Sopo Corp*, 285 F.3d 677, 685 (8th Cir. 2002) (holding that a defendant's right of removal based on diversity of citizenship may not be defeated by fraudulently joining a non-diverse party). The Eighth Circuit further holds that "'[j]oinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law'" to support a claim against the defendant whose joinder would preclude removal. *B.P. Chemicals Ltd.*, 285 F.3d at 685 (quoting *Wiles v. Capitol Indem, Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)). "Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent." *Filla v. Norfolk Southern Railroad Co.*, 336 F.3d 806, 810 (8th Cir. 2003).

### III. Discussion

The JPML has advised this Court that it is "free to rule on any pending motions," including "motions for remand to state court." (Dkt. Text Order Entered June 10, 2014, MDL

No. 2428.) Defendants' motion to stay encourages this Court to allow the MDL judge to rule on the pending motions, but the practice of this Court has been to address these jurisdictional issues promptly in order to promote the efficient administration of justice. *See Woodside v. Fresenius Med. Care N. Am., Inc.*, 4:13-CV-2463 CEJ, 2014 WL 169637, *1 (E.D. Mo. Jan. 15, 2014) *(*A "putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed.") (quoting *Spears v. Fresenius Med. Care N. Am., Inc.*, 4:13–CV–855 CEJ, 2013 WL 2643302, *1 (E.D. Mo. June 12, 2013)). The Motion to Stay will therefore be denied.

Removal of this case is premised on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Such jurisdiction requires complete diversity of citizenship among the parties as well as an amount in controversy exceeding $75,000. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). The parties here agree that at least one plaintiff is a citizen of the state as one of the defendants, but defendants contend that this Court has jurisdiction because the nondiverse plaintiffs have been fraudulently misjoined.

This scenario has played out numerous times with respect to litigations involving Granuflo and the Fresenius defendants. *See,* e.g.*, Spiller v. Fresenius USA, Inc.*, No. 4:13-CV-2538 (HEA), 2014 WL 294430 (E.D. Mo. Jan. 27, 2014); *Woodside*, 2014 WL 169637; *Aday v. Fresenius Med. Care N. Am., Inc.*, No. 4:13-CV-2462 (CEJ), 2104 WL 169634 (E.D. Mo. Jan. 15, 2014); *Agnew v. Fresenius Medical Care North America, Inc.*, No. 4:13-CV-2468 (TCM), 2014 WL 82195 (E.D. Mo. Jan. 9, 2014); *Spears*, 2013 WL 2643302. In each case, the plaintiffs have filed their lawsuit in state court in St. Louis, Missouri, and the defendants have removed the case citing diversity jurisdiction and fraudulent misjoinder of one or more plaintiffs. As one

4

recent such case observed, however, the "Eighth Circuit has not yet determined whether removal based on diversity of citizenship can be thwarted where there is fraudulent misjoinder." *Woodside*, 2014 WL 169637, at *2 (citing *In re Prempro Prods. Liability Lit.*, 591 F.3d 613, 620 (8th Cir. 2010)).

> Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other. In such cases, some courts have concluded that diversity is not defeated where the claim that destroys diversity has "no real connection with the controversy" involving the claims that would qualify for diversity jurisdiction.

*Prempro*, 591 F.3d at 620 (quoting Ronald A. Parsons, Jr., *Should the Eighth Circuit Recognize Procedural Misjoinder?*, 53 S.D. L.Rev. 52, 57 (2008)). The *Prempro* Court declined to adopt or reject the fraudulent misjoinder doctrine because it concluded that "the plaintiffs' alleged misjoinder [was] not so egregious as to constitute fraudulent misjoinder." *Prempro*, 591 F.3d at 622. The *Prempro* case was, like this case, a lawsuit based on pharmaceutical products liability, and each plaintiff alleged he or she had been harmed by a type of drug. The plaintiff alleged that the manufacturers had conducted a national sales and marketing campaign to falsely promote the safety and benefits of the drugs and understated their risk, so plaintiffs contended that their claims were logically related because each developed breast cancer as a result of the defendants' negligence in designing, manufacturing, testing, advertising, warning, marketing, and selling the drugs. *Id.* The Eighth Circuit concluded that plaintiffs' claims arose from a series of transactions involving the drug manufacturers and users, that common questions of law and fact were likely to arise, and thus there may be a "palpable connection" between the plaintiffs' claims." *Id.* at 623. That was in contrast to the Eleventh Circuit case that first considered and adopted the fraudulent misjoinder doctrine, in which the plaintiffs were comprised of two distinct

5

groups with two distinct claims against unrelated defendants. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996). There, the Eleventh Circuit held that the plaintiffs' joinder of the two groups of unrelated defendants was "so egregious as to constitute fraudulent joinder." *Id.* But in *Prempro*, the joinder of plaintiffs was *not* egregious in light of the "palpable connection" between plaintiffs' claims. 591 F.3d at 623.

The plaintiffs here are each alleged to have been injured by the same product and arising from the same development, distribution, marketing, and sales practices for that product; as a result, all of the above-cited cases that have come before this Court as part of the *Fresenius* litigation have been remanded in accordance with *Prempro*. *See Woodside*, 2014 WL 169637, at *3 (collecting cases). In response, defendants states that this Court should look to what has gone on after those cases were remanded to justify denial of the Motion to Remand. Defendants assert that those cases — *Spiller*, *Woodside*, *Aday*, *Agnew*, and *Spears* — after remand went on to add numerous new plaintiffs from around the country (but not so many as to trigger the federal Class Action Fairness Act of 2005 ("CAFA")[1] and require removal again), such that now the St. Louis court is overburdened with scores of out-of-state plaintiffs and myriad state laws to wade through. The defendants state that the plaintiffs are intentionally bypassing the MDL, which was set up in order to efficiently adjudicate these cases, in favor of burdening the state court in St. Louis. Defendants refer to this behavior as a "bait and switch" maneuver and suggest that the case's history as developed requires that this Court retain the case and allow it to be transferred

---

[1] "Under CAFA, federal courts have jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 in the aggregate; there is minimal (as opposed to complete) diversity among the parties, i.e., any class member and any defendant are citizens of different states; and there are at least 100 members in the class. 28 U.S.C. § 1332(d)." *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010).

to the MDL. Unfortunately for defendants, however, their argument --- which of course has nothing to do with the plaintiffs in *this* case --- holds no water. As the Eighth Circuit has held, "if the nondiverse plaintiff is a real party in interest, the fact that his joinder was motivated by a desire to defeat federal jurisdiction is not material." *Iowa Pub. Serv. Co.,* 556 F.2d at 404.

Defendants also maintain that the nondiverse plaintiffs' cases are defective on their faces, so fraudulent joinder applies to save the Court's subject matter jurisdiction. "Fraudulent joinder exists if, on the face of plaintiff's state court pleadings, no cause of action lies against the resident defendant." *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983). In previous Fresenius cases, the defendants' attempt at proving fraudulent joinder was thwarted because they failed to make such arguments against each of the nondiverse plaintiffs. *See, e.g.*, *Agnew*, 2014 WL 82195, at *5. Here, the defendants make rather fact-intensive arguments for each of the six non-diverse plaintiffs. All six non-diverse plaintiffs are claimed to have statute of limitations bars. In addition, defendants claim, one of the six could not possibly have claims against the defendants because the allegedly defective products were not shipped to the facilities where the plaintiff was treated. Such a defense, however, is not apparent "on the face" of plaintiffs' state court pleadings,[2] and this Court does not have the power to decide the merits of a case over which it has no jurisdiction. *Filla*, 336 F.3d at 811. With respect to the statute of limitations arguments, the plaintiffs must only show a "colorable" cause of action to withstand the fraudulent joinder argument, meaning that they must show that state law *might* impose liability

---

[2]The Court notes that, even if it were appropriate for this Court to consider the merits on that issue, the plaintiffs would still show a colorable claim against the defendants. Defendants state that only "NaturaLyte" and not "Granuflo" was present at the subject plaintiff's dialysis site. Defendants argue that the petition does not apply to NaturaLyte, but the petition is explicit that it does. (#9 at ¶ 79 ("The products that are the subject of this petition are any dry acid concentrate, whether it be labeled by the Defendants as 'GranuFlo' or 'NaturaLyte' or both,.... These products are described herein as 'GranuFlo.'")

7

under the facts alleged. *Id.* at 810. Defendants suggest that certain plaintiffs' claims are not colorable if their dialysis occurred after March 29, 2012 (*see* Notice of Removal, Doc. #1, ¶¶ 27-28), but defendants have no support for that statement. Indeed, plaintiffs refute that adequate disclosures regarding the dangers of Granuflo were made after March 29, 2012. Therefore, to the extent that the Court can apply a fraudulent joinder analysis to the nondiverse plaintiffs on these highly fact-intensive bases, defendants cannot show that each of the six nondiverse plaintiffs lacks a "colorable" claim. As a result, complete diversity of citizenship does not exist, and the matter must be remanded.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiffs' Motion to Remand (#18) is **GRANTED.**

**IT IS FURTHER ORDERED** that defendants' Motion to Stay (#15) is **DENIED.**

**IT IS FURTHER ORDERED** that defendants' Motion to Sever (#13) is **DENIED.**

**IT IS FINALLY ORDERED** that this cause of action, in its entirety, shall be **REMANDED** to the Circuit Court for the City of St. Louis from which it was removed.

Dated this   3rd   day of July, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE